This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41134**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**RYAN MORRIS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF HIDALGO COUNTY**
**Jarod K. Hofacket, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**MEDINA, Judge.**

**{1}** Defendant appeals his conviction for aggravated assault on a household member. We previously issued a notice of proposed summary disposition in which we proposed to uphold the conviction. Defendant has filed a memorandum in opposition. After due consideration, we affirm.

**{2}** The relevant background information and legal principles have previously been set forth. We will avoid undue reiteration here, and focus instead on the content of the memorandum in opposition.

**{3}** Defendant continues to challenge the sufficiency of the evidence. [MIO 5-9] However, as we indicated in the notice of proposed summary disposition, [CN 2-4] and as briefly described in the memorandum in opposition, [MIO 2, 8] the victim's testimony supplies substantial support for the conviction. *See, e.g., State v. Quintana*, 2009-NMCA-115, ¶¶ 2, 20-26, 147 N.M. 169, 218 P.3d 87 (holding that the evidence was sufficient to support a conviction for aggravated assault against a household member with a deadly weapon, where there was testimony that the defendant pointed a gun at the victim and the victim believed the defendant was going to shoot, officers recovered the gun shortly after responding to the 911 call, and the victim and the defendant had a continuing personal relationship).

**{4}** In the memorandum in opposition Defendant continues to focus on his own conflicting description of the incident, in light of which he contends that there was reasonable doubt whether he committed the offense. [MIO 3-5, 8-9] However, the jury was not required to credit his testimony. *See State v. Baroz*, 2017-NMSC-030, ¶ 9, 404 P.3d 769 (observing that "[t]he jury is free to reject the defendant's version of the facts" (internal quotation marks and citation omitted)); *State v. Cabezuela*, 2011-NMSC-041, ¶ 45, 150 N.M. 654, 265 P.3d 705 (rejecting the defendant's assertion that her explanation could not simply be disregarded, and reiterating that the jury is free to reject the defendant's version of events, in the context of a sufficiency of the evidence review). Ultimately, the conflicting testimony was a matter for the jury to resolve; on appeal, we are in no position to second-guess the jury's assessment. *See generally State v. Cabezuela*, 2015-NMSC-016, ¶ 23, 350 P.3d 1145 ("We will not invade the jury's province as fact-finder by second-guessing the jury's decision concerning the credibility of witnesses, reweighing the evidence, or substituting our judgment for that of the jury." (alterations, internal quotation marks, and citation omitted)); *State v. Fuentes*, 2010-NMCA-027, ¶¶ 17-18, 147 N.M. 761, 228 P.3d 1181 (explaining that arguments concerning the weight that the defendant believes should have been attributed to particular evidence, and attacks on the credibility of certain witnesses, "do little to demonstrate that the evidence submitted at trial was insufficient" but rather, "this form of argument merely highlights the all-important role of the jury;" and illustrating that where the jury is asked to consider conflicting accounts of the relevant events, we will not disturb the jury's rejection of the defendant's version of the incident).

**{5}** In closing, we note that Defendant does not renew the second issue identified in his docketing statement. [MIO 9-10] We limit the scope of discussion accordingly. *See generally State v. Johnson*, 1988-NMCA-029, ¶ 8, 107 N.M. 356, 758 P.2d 306 (indicating, where a defendant's memorandum in opposition did not respond to our proposed summary disposition an issue raised on appeal, that the issue was deemed abandoned).

**{6}** Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm.

**{7}** **IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**

**SHAMMARA H. HENDERSON, Judge**

**KATHERINE A. WRAY, Judge**